**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Kenneth Hannibal Hart, Sr.

      v.                          Case No. 20-cv-417-LM

Irene Brown Hart Rowe, et al.


**REPORT AND RECOMMENDATION**

Before the court is the complaint (doc. no. 1) filed by pro se and in forma pauperis plaintiff Kenneth Hannibal Hart. The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Hart's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(citation omitted).  The court treats as true all well-pleaded
factual allegations, and construes reasonable inferences in
plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640
F.3d 1, 12 (1st Cir. 2011).

## Background

Invoking diversity jurisdiction, 28 U.S.C. § 1332,
plaintiff Kenneth Hannibal Hart sued his biological mother,
Irene Brown Hart Rowe, an unidentified accomplice, a bank and
bank teller in Hawthorne, FL, and an individual named Kenneth
Leon Hart, claiming they engaged in a plot to steal plaintiff's
identity and money.[1]

## Venue

Venue is appropriate in the judicial district where all of
the defendants reside, or where a substantial part of the events
giving rise to the plaintiff's claims occurred. 28 U.S.C. §
1391(b).  Where the defense of improper venue is "obvious from
the face of the complaint and no further factual record is
required to be developed, the court may, sua sponte, dismiss the
case."  Hart v. United States Dep't of the Treasury, No. 14-cv-
421-LM, 2016 U.S. Dist. Lexis 25871, at *3-4, 2016 WL 825739, at
*2 (D.N.H. Jan. 11, 2016) rept. & rec. adopted, 2016 U.S. Dist.

---

[1]On February 2, 2021, the court granted plaintiff's motion
to dismiss multiple defendants, leaving the five defendants
listed above in the case.  (Doc. No. 9)

Lexis 25876, 2016 WL 865224 (D.N.H. Mar. 2, 2016) (internal

quotation marks omitted) (citing Cox v. Rushie, No. CA 13-11308-

PBS, 2013 U.S. Dist. LEXIS 86794 at *14, 2013 WL 3197655 at *4

(D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d

1210, 1217 (10th Cir. 2006))); see also Wilkinson v. Sec'y, Fla.

Dep't of Corrs., No. 14-11239, 2015 U.S. App. LEXIS 12160 at *4-

*5, 2015 WL 4269267 at *2 (11th Cir. July 15, 2015) (court may

dismiss a matter, sua sponte, for defective venue, pursuant to

28 U.S.C. § 1915, after providing plaintiff with opportunity to

object).

Here, the complaint indicates that all defendants live in

Florida, and that the acts plaintiff complain of also took place

in Florida or New York.  Accordingly, venue is not proper in

this court.  The case should be dismissed, without prejudice to

plaintiff filing it in an appropriate court.

### Conclusion

For the foregoing reasons, the district judge should

dismiss the complaint because venue over Hart's claims is not

proper in this court.  Such dismissal should be without

prejudice to plaintiff re-filing it in a court of proper venue.

Any objections to this Report and Recommendation must be filed

within fourteen days of receipt of this notice.  See Fed. R.

Civ. P. 72(b)(2).  The fourteen-day period may be extended upon

motion.  Failure to file specific written objections to the

Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

cc:  Kenneth H. Hart, pro se

4